Opinion issued May
26, 2011

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00499-CR

____________

 








VERICK MARKEL GRAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1231703

 

 



MEMORANDUM OPINION








Appellant, Verick Markel Gray, was
charged with aggravated robbery enhanced by two prior felony convictions. Appellant
pleaded not guilty to the charge and not true to the enhancements.  A jury found appellant guilty of the charge,
found the enhancements true, and assessed punishment at 28 years’ confinement.  Appellant timely filed a notice of appeal.   

Appellant’s counsel on appeal has
filed a motion to withdraw, along with an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and
affirm the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id.  Counsel’s obligation to
the appellate court is to assure it, through an Anders brief, that, after a complete review of the record, the
request to withdraw is well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se PDR; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

Id. at 408–09.  If
we agree that the appeal is wholly frivolous, we will grant the attorney’s
motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If
we conclude that arguable grounds for appeal exist, we will grant the motion to
withdraw, abate the case, and remand it to the trial court to appoint new
counsel to file a brief on the merits.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at
408.  More than 30 days have passed, and
appellant has not filed a pro se brief.  See id. at 409 n.23 (adopting 30-day
period for response).  

          Counsel’s
brief meets the Anders requirements
in that it presents a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel discusses the evidence adduced at trial, supplies us with
references to the record, and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly
reviewed the record and that he is unable to advance any grounds of error that
warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154
(Tex. App.—Houston [1st Dist.] 2006, no pet.). 


We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; Garner, 300
S.W.3d  at 767 (explaining that frivolity
is determined by considering whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether the appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so. See Garner, 300 S.W.3d at 767.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d 827 & n.6.

          We
affirm the judgment of the trial court and grant counsel’s motion to withdraw.[1]
  Attorney,
Kyle B. Johnson, must immediately send the notice required by Texas Rule of
Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of
this Court.  See Tex. R. App. P.
6.5(c).

PER CURIAM

 

Panel consists of Chief Justices Radack and Justices Sharp
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 

 

 

 











[1]
              Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).